■ MARK FISHER, an Infant, by His Mother and Natural Guardian, JOYCE FISHER, et al., Appellants, v VINCENT STRIPEIKAS, Respondent.—In an action to recover damages for personal injuries, etc., plaintiffs appeal from three orders of the Supreme Court, Nassau County, as follows: the first, dated March 8, 1977, granted defendant's motion for leave to serve an amended answer on condition that he pay plaintiffs' attorney the sum of $200; the second, dated September 7, 1977, denied their motion to restore the action to the Trial Calendar; and the third, dated September 21, 1977, enlarged defendant's time to serve an amended answer and to comply with the condition. Order dated September 7, 1977, affirmed. Appeal from the order dated March 8, 1977 dismissed as academic. That order was superseded by the order dated September 21, 1977. Order dated September 21, 1977 modified by increasing the sum to be paid to plaintiffs' attorney to $1,000. As so modified, order affirmed and the parties are directed to proceed to trial forthwith with no further pretrial motions to be made by defendant. Defendant's time to pay the increased amount is extended until 10 days after service upon him of a copy of the order to be entered hereon, with notice of entry thereof. Plaintiffs are awarded one bill of $50 costs and disbursements. The complaint, served in January, 1969, alleged that on May 4, 1968 the infant plaintiff, then 14 years old, was struck by the defendant and sustained serious injuries. Defendant, through his then counsel, served a purported answer on February 25, 1969. This document was a one-page printed form. The first paragraph stated that defendant "Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs designated". Although a space was provided for designations, nothing was filled in. Similarly, the space after the second paragraph (which stated "Denies each and every allegation contained in paragraphs designated") was also left blank. Nevertheless, the action proceeded in due course as though there had been no such error. A bill of particulars was served on December 31, 1969 (apparently pursuant to a demand therefor); the case was placed on the calendar on January 27, 1970; examinations before trial were conducted on August 21, 1970; and a statement of readiness was filed without objection on August 25, 1970. The case was reached for trial on January 9, 1972; it was marked "ready" and a jury was selected. Thereupon, defendant's counsel made an oral application to the Justice presiding in Trial Term, Part I, for permission to amend the answer. That application was granted, the case was marked off the calendar and it was directed that an order be settled permitting defendant to amend his answer. Nevertheless, defendant presented no order for settlement and did not serve an amended answer. More than four years later, on May 26, 1976, the action was ordered restored to the calendar, without any reference being made to defendant amending his answer. The case was reached for trial on October 21, 1976 and the case was marked "ready". It was not until after the jury was selected and the case assigned to a Trial Part that

defendant again requested permission to amend his answer. That application was referred to Trial Term, Part I, which directed defendant to make a formal motion for such relief and disbanded the jury which had been selected. The defendant's renewed motion for leave to amend, returnable January 10, 1977, was granted by Special Term upon condition that defendant (1) pay plaintiffs' attorney $200 within 10 days after service of a copy of the order and (2) serve the amended answer simultaneously with such payment, or within five days thereafter. Defendant's egregious failure to serve an amended answer did not end at this point. By motion returnable July 29, 1977, plaintiffs sought to restore the case to the calendar for the purpose of conducting an inquest, since no amended answer had been served. Defendant cross-moved to enlarge his time to serve an amended answer. Defendant's pallid excuse was that it had been mistakenly believed that plaintiffs' service of a notice of appeal had made it unnecessary or improper for him to serve an amended answer. In addition, defendant did not deny that the $200 had not been paid to plaintiffs' attorney. By order dated September 7, 1977, Special Term denied plaintiffs' motion to restore the action to the Trial Calendar, without prejudice to renewal after determination of the cross motion, which was referred to the Justice at Special Term who had made the order dated March 8, 1977. By order dated September 21, 1977, Special Term granted defendant's cross motion "to the extent of enlarging the defendant's time to serve his amended answer and to comply with the conditions stated in the order made March 8, 1977, to the tenth day after the date of service of a copy of this order." Finally, on October 4, 1977, some eight and one-half years after the service of the original answer, the amended answer was served. It contained no affirmative defenses; it merely contained the predictable denials of particular paragraphs of the complaint. The failure of defendant's then counsel to serve an amended answer during all of these years, which led to the disbanding of two juries, verges on malpractice. Apparently, each time defendant's counsel was made aware of the fact, in court, that no valid answer had been served, he returned the file to his office, where it was promptly placed in a file cabinet and forgotten. It is only the fact that there is no indication that this was a deliberate dilatory tactic or that defendant was withholding or delaying the furnishing of information that plaintiffs needed to properly prepare for trial, that leads us to affirm Special Term's exercise of its discretion in granting defendant's cross motion. However, the egregious behavior of defendant's counsel, together with the fact that there were two motions made subsequent to the March 8, 1977 order, call for increasing the amount to be paid to plaintiffs' attorney to the sum of $1,000. Damiani, J. P., Suozzi, Shapiro and Cohalan, JJ., concur.